# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIRST AMERICAN TITLE** : | |
| **INSURANCE COMPANY,** : | Civil Action No. 1:04-CV-2500 |
| : | |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| **REALTY SETTLEMENT SERVICES** : | |
| **OF YORK, INC.,** : | |
| : | |
| **Defendant** : | |

## ORDER

Pending before the Court is Plaintiff's motion for entry of default judgment (Doc. No. 7). Defendant has filed a brief in opposition to the motion (Doc. No. 12), to which Plaintiff has not filed a reply. For the reasons that briefly follow, the motion will be denied.

**I.   Background**

On November 17, 2004, Plaintiff filed a complaint alleging that Defendant was liable for breach of contract and negligence regarding a real estate title insurance dispute. (Doc. No. 1.) On December 21, 2004, Plaintiff moved for entry of default after Defendant failed to timely plead. On December 23, 2004, the Clerk of Court entered default against Defendant. On January 11, 2005, Plaintiff filed the instant motion for entry of default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Plaintiff seeks entry of default judgment in the amount of $335,564.56 plus post-judgment interest at a rate of 6 %. Plaintiff has offered the affidavit of William J. Corrigan, an attorney affiliated with Plaintiff, to support Plaintiff's damages claim. Defendant has opposed the motion, arguing that default judgment is not appropriate in this case because: (1) there remain unresolved questions

regarding the exact amount of damages due and (2) the requested judgment is predicated upon an underlying negotiated settlement in which Defendant was not represented, thereby giving rise to a question as to the reasonableness of the settlement amount.

## II.     Discussion

Federal Rule of Civil Procedure 55(b) provides the two means by which default judgment may be entered in a civil action: either by the clerk, if a plaintiff's claim "is for a sum certain or for a sum which can by computation be made certain" and the defendant has failed to appear and is not an infant or incompetent; or in all other cases, by the court, following any hearing or investigation necessary to determine damages.  Fed. R. Civ. P. 55(b)(1) and (2).  In the case at bar, Plaintiff has directed its request for default judgment to the Clerk of Court, pursuant to Rule 55(b)(1), but has filed a proposed order for the undersigned's signature, as would be appropriate under Rule 55(b)(2).

As an initial matter, "a default judgment . . . does not establish the amount of damages." United States v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).  Federal Rule of Civil Procedure 55(b)(1) provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff . . . shall enter judgment for that amount."  Fed. R. Civ. P. 55(b)(1).  The Rule does not provide a definition of "sum certain," and as the United States Court of Appeals for the First Circuit noted recently, "'the cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning'."  KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 n.7 (1st Cir. 2003) (quoting Collex, Inc. v. Walsh, 74 F.R.D. 443, 450 (E.D. Pa. 1977); see also Byrd v. Keen Corp.,

104 F.R.D. 10, 12 (E.D. Pa. 1984).  However, Courts have held that "[i]n the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."  KPS & Assocs., 318 F.3d at 19 (citing Reynolds Sec., Inc. v. Underwriters Bank & Trust Co., 378 N.E. 2d 106, 109 (N.Y.S.2d 1978)).  In most cases, a sum certain may not be derived simply through reference to the amounts claimed in the complaint, nor from an affidavit that purports to attest to such a sum.  Id. at n.9.  Rather, a sum certain is typically appropriate in actions on money judgments, negotiable instruments, or similar cases where damages can be calculated without resorting to extrinsic proof.  Id. at 19-20 (citation omitted).

In cases where a plaintiff moves pursuant to Rule 55(b)(2) for entry of default judgment, Rule 55(b)(2) expressly provides that a court may find it necessary to defer entry of default judgment pending an inquiry into the damages claimed:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine that amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2).

In Pabst Brewing Co. v. Saint Michael's Non-Alcoholic Malt Beverage Corp., the defendant did not contest liability and the clerk entered default judgment.  Pabst, 1988 WL 84860, at *2 (E.D. Pa. Aug. 12, 1988).  Defendant then challenged plaintiff's asserted claim to damages after the clerk entered default judgment.   The court vacated the judgment and scheduled a hearing on damages, stating that "[a]lthough a default conclusively establishes the liability of a defaulting defendant, the

damages assessment requires a hearing where the amount claimed is subject to dispute." Id.  In vacating the default judgment, the court noted that "a damage claim that is in fact questionable may be made to appear certain by the filing of conclusory affidavits[.]"  Id.  Accordingly, the court found that a hearing was required to resolve the amount of damages due.  Id.

Additionally, in cases where the amount of damages claimed was reached through a negotiated settlement, a court should conduct a hearing to determine the reasonableness of the amount claimed before default judgment is entered if a defendant's interests "were not directly represented in the settlement negotiations which led to the sum requested."  Byrd v. Keene Corp., 104 F.R.D. 10, 12, (E.D. Pa. 1984).  In the case at bar, Defendant has claimed it was unrepresented during the negotiations which allegedly resulted in the settlement amount of $335,564.56 that Plaintiff seeks to recover in this action.[1]

Defendant has argued that Plaintiff's claimed damages are not a "sum certain" within the meaning of Rule 55(b)(1), and further asserts that the damages claimed represent a settlement amount reached by Plaintiff and a third party during negotiations at which Defendant was not represented.  In short, Defendant has articulated two reasons why default judgment should not be entered prior to a hearing on damages.  Plaintiff has offered no response to either of these assertions.  Following a review of the pleadings filed, the Court agrees with Defendant that entry of default judgment is premature without further inquiry regarding the amount of damages actually owed by Defendant as a result of its

---

[1] It is not clear from the pleadings whether Defendant actually participated in the settlement negotiations and was simply not represented by counsel, or whether Defendant was excluded from the negotiations entirely.

liability for breach of contract and negligence as described in Counts I and II of the complaint.  Accordingly, Plaintiff's motion for default judgment will be denied.

### III.     Order

And now, this 22nd day of August 2005, for the reasons discussed above, Plaintiff's request for entry of default judgment (Doc. No. 7) is **DENIED**.  **IT IS FURTHER ORDERED THAT** the Court will hold a telephone conference with the parties on September 15, 2005 at 10:00 a.m. to schedule a hearing on damages.  Plaintiff shall initiate the call by calling the Court at (717) 221-3990.

    S/ Yvette Kane
Yvette Kane
United States District Judge

5